E-FILED
Friday, 14 February, 2014  04:25:32 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| OSF HEALTHCARE SYSTEM, an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED MEDICAL RESOURCES, INC. (UMR, INC.) and KRESS CORPORATION,<br><br>    Defendants. | 1:13-cv-01589-SLD-JAG<br><br>**ANSWER OF DEFENDANT**<br>**KRESS CORPORATION** |

Defendant Kress Corporation ("Kress"), for its answer to the Complaint of Plaintiff OSF Healthcare System, an Illinois not for profit corporation d/b/a Saint Francis Medical Center ("OSF"), denies each and every allegation, matter, statement or thing contained in the Complaint, and each and every part or portion thereof, except as specifically admitted, qualified, or otherwise answered and states and alleges as follows:

## COUNT I

1. Answering Paragraphs 1-25 of Count I of the Complaint, these allegations are not directed at Kress nor do they require a response from Kress. To the extent any of the allegations in Paragraphs 1-25 of Count I are directed at Kress or relate in any way to Kress, Kress denies those allegations.

2. In response to OSF's prayer for judgment in Count I, Kress states that the requested judgment or recovery is not directed at Kress nor does it require a response from Kress. To the extent the requested judgment or recovery is directed at Kress or relates in any way to Kress, Kress denies that OSF is entitled to any recovery or judgment against Kress.

**COUNT II**

3.      Kress states that it is without knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of Count II and therefore denies same.

4.      Kress states that it is without knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of Count II and therefore denies same.

5.      Kress states that the allegations in Paragraph 3 of Count II set forth legal conclusions for which no response is required.  To the extent that a response is required, Kress does not deny the allegations regarding venue asserted in Paragraph 3.

6.      Kress states that it is without knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of Count II and therefore denies same.

7.      Answering Paragraph 5 of Count II, Kress admits upon information and belief that in April 2013, Defendant UMR, Inc., the third-party claim administrator of Kress's Group Health Benefit Plan (the "Plan"), made payment to OSF under the Plan in the amount of $76,084.39.  Kress denies the remaining allegations in Paragraph 5.

8.      Answering Paragraph 6 of Count II, Kress denies that there is/was any balance due and owing by the Plan after the payment of $76,084.39 was made.

9.      Answering Paragraph 7 of Count II, Kress admits that at the time that OSF alleges services were rendered to the "covered person" at issue, the "covered person" was a participant in the Plan.  Kress denies the remaining allegations in Paragraph 7.

10.     Kress states that the allegations in Paragraph 8 of Count II constitute legal conclusions for which no response is required.  To the extent a response is required, Kress does not deny that the Plan falls within the definition of "employee benefit plan" set forth in 29 U.S.C. § 1002.

11. With respect to Paragraph 9 of Count II, the Plan constitutes a writing that is self-evident, and Kress refers to said writing for the full and true contents thereof. Kress denies any remaining allegations in Paragraph 9.

12. With respect to Paragraph 10 of Count II, Kress admits upon information and belief that a claim was made against the Plan for payment of medical goods and services provided by OSF to the "covered person" at issue. Kress denies the remaining allegations in Paragraph 10.

13. With respect to Paragraph 11 of Count II, Kress admits upon information and belief that a claim for payment of medical goods and services provided by OSF to the "covered person" at issue was denied. Kress denies the remaining allegations in Paragraph 11.

14. With respect to Paragraph 12 of Count II, the Appeal Letters attached as Group Exhibit B to the Complaint constitute writings that are self-evident, and Kress refers to said writings for the full and true contents thereof. Kress denies any remaining allegations in Paragraph 12.

15. Answering Paragraph 13 of Count II, Kress admits that Kress is named the plan administrator for the Plan. Kress denies the remaining allegations in Paragraph 13.

16. With respect to Paragraph 14 of Count II, the Appeal Letters attached as Group Exhibit B to the Complaint constitute writings that are self-evident, and Kress refers to said writings for the full and true contents thereof. Kress denies any remaining allegations in Paragraph 14 as stated.

17. Kress states that the allegations in Paragraph 15 of Count II constitute legal conclusions for which no response is required. To the extent a response is required, Kress denies the allegations in Paragraph 15.

18. Kress denies the allegations in Paragraph 16 of Count II. Further answering, Kress states that on February 10, 2014, immediately after the "covered person" authorized Kress to furnish certain plan documents to OSF, Kress provided OSF with a copy of the Plan's Summary Plan Description. At no time prior to February 10, 2014 had that "covered person" authorized Kress to furnish any documents to OSF.

19. Kress states that the allegations in Paragraph 17 of Count II constitute legal conclusions for which no response is required. To the extent a response is required, Kress denies the allegations in Paragraph 17.

20. Kress states that the allegations in Paragraph 18 of Count II constitute legal conclusions for which no response is required. To the extent a response is required, Kress denies the allegations in Paragraph 18.

21. Kress states that the allegations in Paragraph 19 of Count II constitute legal conclusions for which no response is required. To the extent a response is required, Kress denies the allegations in Paragraph 19.

22. Kress states that the allegations in Paragraph 20 of Count II constitute legal conclusions for which no response is required. To the extent a response is required, Kress denies the allegations in Paragraph 20.

23. Kress denies the allegations in Paragraph 21 of Count II.

24. Kress states that the allegations in Paragraph 22 of Count II constitute legal conclusions for which no response is required.

25. Kress states that the allegations in Paragraph 23 of Count II constitute legal conclusions for which no response is required. To the extent a response is required, Kress does not deny the allegations regarding jurisdiction asserted in Paragraph 23.

26. Kress states that the allegations in Paragraph 24 of Count II constitute legal conclusions for which no response is required. To the extent a response is required, Kress denies the allegations in Paragraph 24.

27. In response to OSF's prayer for judgment, Kress denies that OSF is entitled to any recovery or judgment against Kress.

## AFFIRMATIVE DEFENSES

For its separate, alternative, and affirmative defenses, Kress alleges as follows:

28. The Complaint fails to state a claim for which relief may be granted.

29. OSF's claims in the Complaint are governed and/or preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.

30. Under ERISA, OSF is not entitled to a jury trial.

31. OSF failed to exhaust its administrative remedies.

32. To the extent OSF may be entitled to recover any benefits under the Plan pursuant to ERISA, such recovery is subject to setoffs under the terms and conditions of the Plan.

33. OSF's claims are barred because any claims determinations are entitled to deference and were not arbitrary, capricious or unreasonable, or made in bad faith.

34. OSF's claims are barred to the extent it failed to comply with the conditions precedent of the Plan and/or relevant contracts.

35. OSF lacks standing to assert the claims alleged in this lawsuit.

36. OSF's claims are barred because Kress has fully performed its duties under the benefit plans and policies, if any owed, and OSF is estopped from asserting any cause of action against Kress.

37. OSF has failed to mitigate damages.

38. OSF's claims are barred by accord and satisfaction.

39. OSF's claims are barred by waiver.

40. Kress expressly preserves and does not knowingly or intentionally waive any of the other affirmative defenses set forth in Rule 8 of the Federal Rules of Civil Procedure or under the applicable law, which discovery may reveal to be applicable, or any other matter constituting an avoidance or affirmative defense.

## PRAYER FOR RELIEF

WHEREFORE, Kress respectfully requests that the Court enter judgment as follows:

1. Dismissing OSF's Complaint with respect to Kress in its entirety and with prejudice;

2. Awarding Kress its costs, disbursements and attorneys' fees; and

3. For such further relief in Kress's favor as the Court deems just and equitable.

Dated: February 14, 2014

s/ Curtis D. Ripley
Curtis D. Ripley (Ill. Bar No. 6275773)
STINSON LEONARD STREET LLP
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
curtis.ripley@stinsonleonard.com

**ATTORNEY FOR DEFENDANT KRESS CORPORATION**

100263227